UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MATTHEW BUMPERS, et al. | : | |
| Plaintiffs, | : | Civ. No. 13-5250 (RBK) (JS) |
| v. | : | **OPINION** |
| FRANK D. FORMICA, et al., | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiffs, Matthew Bumpers, Keith Stratton, Jr., Marcus Hopwell, Jonathan D. Anderson, Erving Johnson and Javon Figueroa are incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey. They are proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The plaintiffs have not paid the filing fee and only Bumpers has submitted an application to proceed *in forma pauperis*.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the amended complaint will be dismissed.

## II.   MULTIPLE PLAINTIFFS

Before screening the complaint, the Court must address a procedural issue associated with this case. As stated above, several plaintiffs have signed the complaint. Federal Rule of Civil Procedure 20 governs the permissible joinder of plaintiffs and states in relevant part:

1

> (1) Plaintiffs.  Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1).  Joinder under Rule 20 is discretionary and when the Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court."  *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

In this case, only one plaintiff, Bumpers, has submitted an application to proceed *in forma pauperis*.  Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or seek *in forma pauperis* status.  *See Hagan v. Rogers*, 570 F.3d 146, 150 (3d Cir. 2009); *Miller v. New Jersey*, No. 13-2018, 2013 WL 2149692, at *2 (D.N.J. May 16, 2013) (citations omitted).  In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400.00 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf.  *See Hagan*, 570 F.3d at 154-55.  In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350.00[1] filing fee from each prisoner-plaintiff by directing the agency having custody of each prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint.  *See id.* at 155-56.

---

[1] A prisoner-plaintiff who is pursuing his case *in forma pauperis* does not owe the $50.00 administrative fee that he would owe if he pre-paid the filing fee.

In this case, no plaintiff besides Bumpers submitted an application to proceed *in forma pauperis*. The other plaintiffs may not have known about the filing fee requirement. Thus, these plaintiffs will be administratively terminated from this action and the Court will screen the complaint as it relates to Bumpers only.[2]

### III.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names as defendants the Freeholders of Atlantic County, specifically: (1) Frank D. Formica; (2) Joseph J. McDevitt; (3) Colin G. Bell; (4) James A. Bertino; (5) Richard R. Dase; (6) Charles T. Garrett; (7) Alexander C. Marino; (8) John W. Risley; (9) Frank Sutton; (10) Dennis Levinson; and (11) Jerry Delrossi.

Plaintiff alleges that every month he has $50.00 taken away from his prison account as "rent." Furthermore, he states that the Freeholders are responsible for the facility not having a law library. He claims that he does not have access to a paralegal, computer or law books. Additionally, he argues that the Freeholders are accountable for price gouging at the prison facility canteen as the prices for items are too high. Finally, he states that the phone system at the prison "makes it impossible to communicate to our families let alone our lawyers." (Dkt. No. 1 at p. 5.) He asserts that the Freeholders should be held accountable financially based on these claims.

---

[2] The plaintiffs who did not file an application to proceed *in forma pauperis* can either (1) move to join this action, complying with the rules applicable to joinder of claims and parties, including the filing fee and/or application to proceed *in forma pauperis*, or (2) file new and separate actions asserting their individual claims.

## IV.     STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

    B.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## V.   DISCUSSION

    A.  <u>Deductions from Prison Account</u>

Plaintiff's first challenges that $50.00 is taken out of his prison account every month for "rent." The Court liberally construes this allegation as attempting to raise a due process claim. The Fourteenth Amendment prohibits the State from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. In order to bring a procedural due process claim, "'a plaintiff must allege that (1) he was deprived of an individual

5

interest that is encompassed within the Fourteenth's Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide 'due process of law.'" *See Dennis v. Dejong*, 557 F. App'x 112, 116 (3d Cir. 2014) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)).  Inmates have a property interest in funds held in their prison accounts. *See Dockery v. Beard*, 509 F. App'x 107, 114 (3d Cir. 2013) (per curiam) (citing *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997)).  "Thus, inmates are entitled to due process with respect to any deprivation of this money." *Reynolds*, 128 F.3d at 179 (citation omitted).

The issue with respect to this claim is the adequacy of the procedural safeguards made available to plaintiff at the Atlantic County Justice Facility.  "In some cases, takings of property by the State require pre-deprivation notice and a hearing.  But where the State must take quick action, or where it is impractical to provide meaningful pre-deprivation process, due process will be satisfied by a meaningful post-deprivation remedy." *Brown v. Thomas*, Nos. 09-2610, 09-4478, 2010 WL 715394, at *9 (D.N.J. Feb. 24, 2010) (citing *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (citing *Parratt v. Taylor*, 451 U.S. 527, 539))).

In screening the complaint to determine whether it states a claim upon which relief can be granted, "'a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents in the complainant's claims are based upon these documents.'" *Aubrey v. City of Bethlehem, Fire Dep't*, 466 F. App'x 88, 91 (3d Cir. 2012) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).  In this case, there are no exhibits attached to the complaint.  The Court is then limited to consider only what is in the complaint.  At this early screening stage, the Court will permit this claim to proceed against

the defendants as the complaint gives no indication as to any procedures (if any) that were available to plaintiff Bumpers to contest the prison account deduction.[4]

B. Law Library

Plaintiff next alleges that there is no law library. Prisoners have a right of access to the courts. *See Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citation omitted). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). To that end, therefore, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Accordingly, to satisfy the pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe*, 526 F.3d at 205-06 (citing *Christopher*, 536 U.S. at 416-17)) (footnote omitted).

In this case, plaintiff fails to describe the underlying claims that he was prevented from raising due to the purported lack of a legal library at the Atlantic County Justice Facility.

---

[4] The Court is aware that in *Brown*, this Court screened out a similar claim raised by a plaintiff asserting that the $50.00 "user-fee" assessed to a prisoner at the Atlantic County Justice Facility violated the prisoner's due process rights. In that case, the Inmate Grievances of the Inmate Handbook was attached to the complaint which outlined how prisoners could challenge the deductions from their inmate accounts. *See Brown*, 2010 WL 715394, at *9. However, *Brown* is distinguishable from this case as the plaintiff in this case did not attach the procedures that the prison has in place now (if any) to challenge deductions to a prisoner's prison account. Furthermore, the Court's consideration of such potential procedures would be outside of the complaint and not appropriate for the Court to use during this screening.

Therefore, pursuant to the pleading standards set forth above, plaintiff has failed to state a claim upon which relief can be granted as he has not alleged any injury. This claim will be dismissed without prejudice.

C. Canteen Prices

Plaintiff next challenges the prices that he is charged for purchases at the prison canteen. However, "[p]risoners have no federal constitutional right to purchase items from the jail commissary at any particular price[.]" *McKnight v. Taylor*, No. 12-1684, 2012 WL 5880331, at *6 (D.N.J. Nov. 20, 2012) (citing *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980); *Travillion v. Allegheny Cnty. Bureau of Corr.*, No. 07-0928, 2008 WL 2699988 (W.D. Pa. July 2008); *Tenny v. Blagojevich*, 659 F.3d 578 (7th Cir. 2011); *Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251 (3d Cir. 2001); *see also Nesmith v. Beaver Cnty. Jail*, No. 11-0388, 2012 WL 3245495, at *9 (W.D. Pa. Aug. 8, 2012) (collecting cases). Furthermore, plaintiff does not allege that the prices charged at the canteen necessarily deprived him of the minimal civilized measure of life's necessities under the Eighth Amendment. *See Jenkins v. Glover*, No. 09-2145, 2009 WL 2391278, at *7 (D.N.J. July 31, 2009) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

D. Phone System

Finally, plaintiff complains about the phone system at the Atlantic County Justice Facility. He claims that the system makes it impossible to communicate with his family, let alone his lawyer.

"The constitutional right at issue has been described as the right to communicate with people outside prison walls, and a 'telephone provides a means of exercising this right.'"

*Almahdi v. Ashcroft*, 310 F. App'x 519, 521-22 (3d Cir. 2009) (per curiam) (quoting *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002)).  Nevertheless, "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Id.* at 522 (citing *Washington v. Reno*, 35 F.3d 1093, 1099-1100 (6th Cir. 1994)).  Thus, "a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)).  Furthermore, courts have stated that where a prisoner plaintiff has other alternative means of communicating with persons outside of the prison, denial of telephone access does not violate the Constitution.  *See id.* ("Almahdi makes no assertion – and there is no evidence – that he lacked alternative means of communicating with persons outside the prison . . . .  Accordingly the telephone restrictions did not violate the First Amendment.") (internal citation omitted); *see also Johnson v Bledsoe*, No. 12-0097, 2012 WL 258680, at *2 (M.D. Pa. Jan. 27, 2012) ("More recent decisions have concluded that where an inmate has available, alternative means of communicating with the outside world, i.e., mail privileges, a § 1983 action alleging improper denial of telephone access was subject to dismissal.") (citing *Acosta v. McGrady*, No. 96-2874, 1999 WL 158471, at *7 (E.D. Pa. Mar. 22, 1999); *Pitsley v. Ricks*, No. 96-0372, 2000 WL 262023, at *5 (N.D.N.Y. Mar. 31, 2000); *Ingalls v. Florio*, 968 F. Supp. 193, 203 (D.N.J. 1997)).  Thus, as this Court has stated in determining whether a plaintiff has stated a claim raising this issue, "the Court must determine:  (a) whether the telephone restrictions asserted by Plaintiff violated Plaintiff's right by falling outside reasonable limitations associated with rational penological interests; and (b) whether Plaintiff had alternative means to communicate with his family members, e.g. by mail or their visits to prison." *Johnson v. Demico*, No. 10-2265, 2011 WL 2181117, at *4 (D.N.J. June 1, 2011).

9

The complaint provides the Court with no facts detailing the restrictions on plaintiff's phone access or how the phone system made it "impossible" for plaintiff to communicate with his family. Thus, the complaint falls short of the plausibility standard articulated in *Iqbal*. *Accord Johnson*, 2011 WL 2181117, at *4. Furthermore, plaintiff does not allege that he lacked other means such as through the mail or in-person visits to communicate with his family. *Accord Almahdi*, 310 F. App'x at 522; *Johnson*, 2011 WL 2181117, at *4. Therefore, plaintiff has failed to state a claim upon which relief can be granted on his claim telephone use claim.[5] The claim will be dismissed without prejudice.

## VI.   CONCLUSION

For the following reasons, all plaintiffs except Bumpers shall be administratively terminated from this action. Plaintiff Bumpers' claim related to the deductions from his prison account shall be permitted to proceed. Plaintiff Bumpers' remaining claims shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

DATED: August 1, 2014

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Court

---

[5] To the extent that plaintiff's telephone claim also is raising that he could not communicate with his attorney, the complaint also fails to state a claim. Indeed, plaintiff fails to identify any actual injury he has suffered as a result of his alleged inability to adequately communicate with his attorney. *Accord Aruanno v. Main*, 467 F. App'x 134, 137 (3d Cir. 2012) (per curiam) (agreeing with the District Court's dismissal of an access to courts claim where the plaintiff did not identify an actual injury he suffered as a result of the alleged inability to communicate with counsel).